UNITED STATES DISTRICT COURT
FOR  THE DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Criminal No.09-138-B-W |
| v. | ) | |
| | ) | |
| BRANDON PETTENGILL, | ) | |
| | ) | |
| Defendant. | ) | |

## UNOPPOSED MOTION FOR BAIL PENDING APPEAL
## AND MEMORANDUM

Defendant Brandon Pettengill moves the Court for an order for release pending appeal.  This motion is properly made in the first instance in the district court pursuant to Federal Rule of Appellate Procedure 9(b) and 18 U.S.C. §§ 3143(c) and 3145(c).

### FACTUAL AND PROCEDURAL STATEMENT

Brandon Pettengill came before this Court for sentencing on August 24, 2010.  The Court imposed a sentence of eighteen months imprisonment.

Mr. Pettengill filed a notice of appeal on August 25, 2010.  Mr. Pettengill is due to surrender himself on October 22, 2010.  He submits this motion for release pending appeal because the issues to be raised on appeal go to the validity of his

conviction.  If his conviction is reversed, and if he is not granted release pending appeal, he would have served a sentence based on an invalid conviction.

## ARGUMENT

## I.

### MR. PETTENGILL'S APPEAL RAISES SUBSTANTIAL ISSUES OF LAW THAT ARE AFFECTED BY SUPREME COURT DECISIONS RENDERED AFTER THE ORDER ENTERED IN THIS COURT

Mr. Pettengill filed a motion to dismiss the Indictment pretrial, which motion was denied by this Court.  He entered a plea of guilty conditioned on his ability to appeal the denial of his motion to dismiss.  He now requests that he be allowed to remain on bond pending the resolution of his appeal from the denial of his motion to dismiss.

### A. Standard for release pending appeal:

To be entitled to release pending appeal, Defendant must demonstrate four things:

1.     Clear and convincing evidence that he is not likely to flee or pose a danger to the community.

2.     That the appeal is not solely for the purpose of delay and will raise substantial questions of law or fact.

2

3.     The questions raised are of the type that would result in reversal, order for a new trial, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b)(1)(A) and (B).

This Court's findings regarding these issues, as well as whether this case presents exceptional circumstances that merit release despite other statutory presumptions for detention, are highly discretionary, and will only be reversed for an abuse of that discretion.  *See United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990).

### B. Issues regarding flight and danger to community:

With respect to the first issue – clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community –Mr. Pettengill has been on state-court ordered probation since October, 2008.  *See* PSR at ¶ 26. He has been on federal pretrial supervision since December 2, 2009.  He has not violated the terms of his bond or of his state probation.  Therefore, due to his ability to conform his behavior as required by the Court for an extended period of time, he does not present either a flight risk or a danger to the community.

3

### C. Issues to be presented on appeal:

The second and third issues are related. An appeal that raises substantial questions of law or fact that are likely to result in reversal of a conviction could hardly be said to be filed solely for the purpose of delay. This is such an appeal.

Mr. Pettengill represents that his appeal presents the same legal issues as were presented in *United States v. Russell Booker*, First Cir. No. 09-1810, and *United States v. Michael Wyman*, First Cir. No. 09-3202; that the briefs in those cases were filed on April 12, 2010; and that the Government's brief in these two cases is due to be filed September 20, 2010. The briefing was delayed due to waiting for the Supreme Court's opinion in *Johnson v. United States*, 130 S.Ct. 1265 (2010), which at least one court has found affects the interpretation of 18 U.S.C. § 922(g)(9). *See United States v. White*, 606 F.3d 134 (4th Cir. 2010)(reversing § 922(g)(9) conviction based on assault statute that could be violated through simple battery).

Mr. Pettengill will present two issues on appeal:

1)   Whether 18 U.S.C. §§ 921(a)(33)(A)(ii) and 922(g)(9) apply to prior misdemeanor crimes of assault involving domestic partners where the prior conviction has been committed in an unintentional manner or where the physical contact is *de minimus*; and

4

2)      Whether, if § 922(g)(9) applies to misdemeanor crimes that have been
        committed through reckless conduct or is *de minimus* physical
        contact, the statute is unconstitutional as so applied.

## I.      Statutory construction argument:

Mr. Pettengill's prior offense was had under the Maine simple assault statute which can be committed by either intentional or reckless conduct that "causes bodily injury or offensive physical contact to another person."  17A M.R.S.A. § 207.   The charging document filed in Mr. Pettengill's case did not differentiate between whether he committed the assault intentionally or recklessly, or with greater than the minimal contact for offensive physical contact.  No transcript of his guilty plea was available.

As the federal statute is predicated on the prior conviction, a court must employ a categorical approach to determining whether Mr. Wyman's prior misdemeanor conviction qualifies as a predicate offense.  *See Shepard v. United States*, 544 U.S. 13, 19 (2005)(statutory language requiring a prior conviction is "language imposing a categorical approach").  In this case, none of the judicial documents a court can rely on in a categorical approach establish the level of intent involved in Mr. Pettengill's prior conviction, or the nature of the offensive physical contact involved.  Therefore, the legal question becomes whether a

5

simple assault committed through reckless conduct satisfies the federal definition of a "misdemeanor crime of domestic violence." *See* 18 U.S.C. § 922(g).  The question arises because the definition of a 922(g)(9) predicate requires that the misdemeanor have, "as an element, the use or attempted use of physical force" against a domestic partner.  18 U.S.C. § 921(a)(33)(A)(ii).

The First Circuit construed the "offensive physical contact" portion of the Maine simple assault statute in *United States v. Nason*, 269 F.3d 10 (2001), deciding that the "offensive physical contact" element was sufficient to satisfy the mode of aggression for federal purposes.  *See id.* at 15.  At no point in the opinion does the Court  address the intent issue involved in Congress's decision to require that force be "used."  The Tenth Circuit specifically rejected the *Nason* court's analysis in *United States v. Hays*, 526 F.3d 674 (10th Cir. 2008).  In *Johnson v. United States*, 130 S.Ct. 1265 (2010), the Court determined that a simply battery conviction pursuant to Florida law cannot qualify as a "violent felony" for purposes of the Armed Career Criminal Act.  In *United States v. White,* 606 F.3d 134 (4th Cir. 2010), that court found that the rationale in *Johnson* applied to § 922(g)(9) and that a conviction for battery against a domestic partner does the satisfy the federal definition of a misdemeanor crime of domestic violence.

Even though *Johnson* does not directly control the exact issue raised here, and although *Hays* and *White* do not control in the First Circuit, these cases all support a finding that the statutory issue raised by Mr. Pettengill is an open question in the First Circuit. A substantial body of law supports his position. It is an area of law that has seen a lot of movement since the Court's Order denying the Motion to Dismiss. This movement has uniformly been in favor of Mr. Pettengill's argument that a simple assault committed by offensive physical contact or by reckless conduct does not qualify as involving the "use of force" necessary to support prosecution pursuant to 18 U.S.C. § 922(g)(9).

### D.  Exceptional circumstances:

Because this is not a Mandatory Detention Act case, the Court need not address whether there exist exceptional circumstances which would merit release on appeal. *See* 18 U.S.C. §§ 3143(b)(2), (c)(limiting mandatory detention to certain cases, and 3145(c)(setting for standard for release for cases in which detention is otherwise mandated).

## CONCLUSION

Mr. Pettengill does not present his entire appellate argument in this motion, but enough of it to establish that the issues raised are, in fact, substantial. They are narrowly targeted to unintentional misdemeanors, which separate them from those types of crimes Congress intended to target in creating § 922(g)(9). Because Mr. Pettengill may have his conviction vacated on appeal, and because he has established that he can maintain compliance with conditions of release, this Court is requested to order that Mr. Pettengill be allowed to remain free on bond pending the resolution of his appeal.

The Government does not object to the Court granting this motion.

Dated: August 25, 2010

Respectfully submitted

*/s/ Virginia G. Villa*

_____

VIRGINIA G. VILLA
Assistant Federal Defender
Key Plaza, Second Floor
23 Water Street
Bangor, ME 04401
207-992-4111
Attorney for Defendant

8

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

Certificate of Service

I hereby certify that on August 25, 2010, I electronically filed with the Clerk of Court using the CASE MANAGEMENT/ELECTRONIC CASE FILES system which will send notification of such filing to the following:

Nancy Torresen, Assistant U.S. Attorney,

and I hereby certify that on August 25, 2010 I have filed by United States Postal Service, the documents to the following non-registered participant:

Brandon Pettengill.

/s/ Virginia G. Villa

Assistant Federal Defender
Key Plaza, Second Floor
23 Water Street
Bangor, ME 04401
207-992-4111
Virginia_Villa@fd.org

9