UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR-09-138-B-W |
| ) | |
| BRANDON PETTENGILL ) | |

**ORDER ON DEFENDANT'S MOTION FOR BAIL PENDING APPEAL**

On February 25, 2010, Brandon Pettengill entered a conditional plea of guilty to two counts of possession of a firearm by a prohibited person, violations of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). On August 24, 2010, the Court sentenced Brandon Pettengill to eighteen months incarceration for these violations. *J.* (Docket # 37). On August 25, 2010, Brandon Pettengill filed an unopposed motion for bail pending appeal pursuant to 18 U.S.C. § 3143(b)(1)(A) and (B).[1] *Unopposed Mot. for Bail Pending Appeal* (Docket # 35). Mr. Pettengill intends to raise on appeal the same issues now pending before the First Circuit Court of Appeals in *United States v. Russell Booker*, First Cir. No. 09-1810, and *United States v. Michael Wyman*, First Cir. No. 09-2302.

---

[1] Mr. Pettengill cites 18 U.S.C. § 3143(c) and § 3145(c) for the proposition that the defendant should move for release pending appeal to the district court in the first instance. *Unopposed Mot.* at 1. Neither citation is correct. Section 3143(c) involves appeals by the Government; section 3145(c) involves release of persons subject to detention under either § 3143(a)(2), which involves release pending sentence, or § 3143(b)(2), which involves detention of persons convicted of mandatory detention offenses. Neither is applicable here. Mr. Pettengill also cites Federal Rule of Appellate Procedure 9(b) for the same proposition. *Id.* (citing Fed. R. App. P. 9(b)). Appellate Rule 9(b) addresses a circuit court's review of a district court detention decision. This Court's authority to release Mr. Pettengill pending appeal arises from 18 U.S.C. § 3143(b).

On October 28, 2010, the Court granted a similar motion in the *Wyman* case. *United States v. Wyman*, Docket No. CR-08-154-B-W, *Order on Def.'s Mot. for Bail Pending Appeal* (Docket # 54). In *Wyman*, the Court concluded that the appeal was not solely for the purpose of delay and raised substantial questions of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B)(i)-(iv); *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985) (adopting the view that a "substantial question of law or fact" means that the question is "a 'close' question or one that very well could be decided the other way"). The same reasoning applies here.

The sole difference between *Wyman* and this case is the Court's determination here by clear and convincing evidence that "the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. §3143(b)(1)(A). Here, Mr. Pettengill notes that he has been on state court-ordered probation since October 2008 and on federal pretrial supervision since December 2, 2009. *Def.'s Mot.* at 3. He has violated the conditions of neither probation nor bail. *Id.* He urges the Court to conclude that he does not represent a risk of flight or a danger to the safety of any other person or the community. *Id.* In view of Mr. Pettengill's record of compliance and the absence of objection from the Government, the Court agrees and finds that, if released on bail, Mr. Pettengill has

demonstrated by clear and convincing evidence that he is not likely to flee or to endanger any other person or the community.

Therefore the Court GRANTS the Defendant's Motion for Bail Pending Appeal (Docket # 35).  The Court releases the Defendant pending resolution of his appeal under the same terms and conditions previously imposed.

SO ORDERD.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 26th day of August, 2010