UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-cr-00138-JAW |
| | ) | |
| BRANDON PETTENGILL | ) | |

**ORDER ON GOVERNMENT'S MOTION TO RECONSIDER BAIL ORDER**

Out on bail pending appeal of his gun possession conviction, Brandon Pettengill prefers to stay out. Sensing imminent victory on the appellate issues keeping Mr. Pettengill out, the Government prefers him in. Expecting a reasonably quick decision from the United States Supreme Court on a determinative companion case, the Court prefers to wait.

**I.  STATEMENT OF FACTS**

On September 9, 2009, in a two-count indictment, a federal grand jury indicted Brandon Pettengill for possession of a firearm after having been convicted of a misdemeanor crime of domestic violence. *Indictment* (Docket # 2). On December 15, 2009, Mr. Pettengill moved to dismiss the indictment on two grounds: 1) that the statute criminalizing gun possession after a misdemeanor crime of domestic violence violates the Second Amendment; and 2) that Maine's simple assault statute, 17-A M.R.S. § 207, allows for conviction for reckless conduct, which does not satisfy the mens rea requirement for "use or threatened use of physical force" under 18 U.S.C. § 921(a)(33)(A). *Def.'s Mot. to Dismiss Indictment* (Docket # 13). On February 1, 2010, the Court denied the motion to dismiss. *Order on Mot. to Dismiss* (Docket # 20) (*Order*). In denying the motion, the Court relied on its decision in *United States v. Booker*, 570 F. Supp. 2d 161 (D. Me. 2008) and addressed additional issues raised by Mr. Pettengill's motion. *Order* at 2-13. On February 25, 2010,

Mr. Pettengill entered a conditional plea of guilty, preserving the right to challenge the Court's February 1, 2010 decision. *Conditional Plea* (Docket # 24). After the Court sentenced Mr. Pettengill to eighteen months incarceration, he duly appealed on August 25, 2010. *Notice of Appeal* (Docket # 36).

With the notice of appeal, Mr. Pettengill moved for bail pending appeal. *Unopposed Mot. for Bail Pending Appeal* (Docket # 35). On August 26, 2010, the Court granted Mr. Pettengill's motion, noting that "Mr. Pettengill intends to raise on appeal the same issues now pending before the First Circuit Court of Appeals in *United States v. Russell Booker*, First Cir. No. 09-1810, and *United States v. Michael Wyman*, First Cir. No. 09-2302." *Order on Def.'s Mot. for Bail Pending Appeal* at 1 (Docket # 38). In addition, the Court concluded that Mr. Pettengill met the other requirements of 18 U.S.C. § 3143(b). *Id.* at 2-3.

As Mr. Pettengill's case proceeded on appeal, so did Mr. Booker's and Mr. Wyman's. On May 2, 2011, the Court of Appeals for the First Circuit rejected the *Booker/Wyman* appeals. *United States v. Booker*, 644 F.3d 12, 26 (1st Cir. 2011). On July 12, 2011, the First Circuit denied both a petition for rehearing and a petition for rehearing en banc. *Gov't's Mot.* Attach. 2 (*United States v. Booker*, *United States v. Wyman*, Nos. 09-1810, 09-2302, *Order of Ct.* (1st Cir. Jul. 12, 2011)). On October 3, 2011, Messrs. Booker and Wyman filed a petition for writ of certiorari with the United States Supreme Court. *United States v. Booker*, 644 F.3d 12 (1st Cir. 2011), *petition for cert. filed*, (U.S. Oct. 3, 2011) (No. 11-6765). The Supreme Court docket reflects that the time for the Solicitor General's response to the petition for writ of certiorari has been extended through January 6, 2012. *Id.* Meanwhile, Mr. Pettengill's appeal to the First Circuit was fully briefed as of July 1, 2011 but remains pending. *Def.'s Resp. to Gov't's Mot. to Recons. Bail Pending Appeal* at 1-2 (Docket # 46) (*Def.'s Opp'n*).

On November 8, 2011, the Government moved to revoke Mr. Pettengill's bail. *Gov't's Mot. to Recons. Bail Order* (Docket # 45) (*Gov't's Mot.*). On November 29, 2011, Mr. Pettengill filed his opposition to the motion. *Def.'s Opp'n*.

## II. THE POSITIONS OF THE PARTIES

### A. The Government's Position

The Government says, in effect, that the jig is up. To continue on bail pending appeal, the Government argues that Mr. Pettengill must continue to present a "substantial question of law or fact" under 18 U.S.C. § 3143(b)(1)(B)(i)-(iv), and however close the question may have seemed on August 26, 2010 before the First Circuit *Booker* decision, the Government argues that it is no longer close after May 2, 2011 when the First Circuit rejected Mr. Pettengill's current arguments in *Booker*. *Gov't's Mot.* at 3-5. The Government contends there is no good reason to delay the day that Mr. Pettengill reports to prison and it urges the Court to revoke Mr. Pettengill's bail immediately. *Id.*

### B. Brandon Pettengill's Position

Mr. Pettengill holds out hope for appellate vindication. He concedes that this Court has the authority to revoke bail but urges restraint. He first notes that under Federal Rule of Appellate Procedure 41, a petition for writ of certiorari may stay the mandate. *Def.'s Opp'n* at 4 (citing FED. R. APP. 41(d)(2)). He also points out that the First Circuit's failure to decide his case may mean that it is awaiting the resolution of the pending petition for writ of certiorari and, if the First Circuit deems it prudent to wait, so should this Court. *Id.* at 4-5.

## III. DISCUSSION

The Government has a point here. What may have been a "substantial question of law or fact" before the First Circuit's decision in *Booker* is rapidly hardening into settled

3

law—law that is settled against Brandon Pettengill. Further, the odds are long for Mr. Pettengill. The purely numerical chance of the United States Supreme Court granting any particular petition for writ of certiorari, including the *Booker/Wyman* petition, is not encouraging for Mr. Pettengill. Moreover, the First Circuit in *Booker* deftly deflected the mens rea issue, and the remaining Second Amendment concern never, in the Court's view, resonated. All of this means that the Court must struggle to continue to view Mr. Pettengill's case as still presenting a "substantial question of law or fact" as required by § 3143(b)(1)(B).

Nevertheless, there is no suggestion that Mr. Pettengill has violated any of the terms of his bail, that he is likely to flee, or that he represents a danger to the safety of any other person or the community. 18 U.S.C. § 3143(b)(1)(A). Furthermore, the Court is habitually inclined to follow the lead of the First Circuit and the First Circuit seems to have placed Mr. Pettengill's appeal on hold while the Supreme Court resolves the *Booker* petition. Finally, the Court agrees with Mr. Pettengill that it is simply prudent to wait the short time until the Supreme Court acts on the *Booker* petition before deciding whether to revoke Mr. Pettengill's bail. It is likely that the Solicitor General will soon file his response to the petition and, although the Supreme Court takes whatever time it needs, an additional delay to obtain the most authoritative answer seems wise. Even though the Court considers remote the likelihood of the Supreme Court's granting the *Booker* petition, the Court does not relish the prospect of revoking Mr. Pettengill's bail and requiring his immediate incarceration, only to have the Supreme Court do the unexpected and accept certiorari, thus placing Mr. Pettengill's status back into doubt. If the Supreme Court denies the petition for writ of certiorari, even Mr. Pettengill comes close to conceding that there would be no good reason for delay; if the Supreme Court grants the petition, there would be every good reason to do so.

4

In these narrow circumstances, the Court declines to revoke bail. The Court, however, ORDERS the parties to inform the Court as soon as the Supreme Court has acted on the pending petition for certiorari so that the Court can then take whatever action is appropriate.

## IV. CONCLUSION

The Court DENIES the Government's Motion for Reconsideration: re Order on Motion for Bail Pending Appeal (Docket # 45).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 30th day of December, 2011