UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:09-cr-00138-JAW |
| | ) | |
| BRANDON PETTENGILL | ) | |

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

An incarcerated individual moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that he had not complied with the exhaustion provision of that statute prior to filing his motion; therefore, the Court dismisses his request without prejudice to refile once he has exhausted.

## I.     PROCEDURAL BACKGROUND

On February 12, 2020, the Court sentenced Brandon Pettengill to ten months of imprisonment and two years of supervised release for violating various conditions of his supervised release: (1) the condition that he not possess any controlled substance, alcohol, or intoxicant and that he participate in a program of drug and alcohol abuse therapy and submit to testing; (2) the condition that he participate in an approved program for domestic violence; (3) the condition that he answer inquiries by his probation officer truthfully and follow the probation officer's instructions; and (4) the condition that he not commit another federal, state, or local crime. *Min. Entry* (ECF No. 68); *Revocation J.* (ECF No. 69).

On April 14, 2020, Mr. Pettengill wrote a letter to the Bureau of Prisons (BOP) seeking home confinement or, in the alternative, compassionate release. *Mot. for Compassionate Release* (ECF No. 76) (*Def.'s Mot.*). At some point after this,

he sent a copy of this letter to the Court, which received and docketed it on May 6, 2020. *Id.* On June 18, 2020, Mr. Pettengill filed an additional memorandum. *Suppl. Mem. in Supp. of Pet. for Compassionate Release* (ECF No. 87) (*Def.'s Suppl. Mem.*). On June 25, 2020, the Government filed a response. *Gov't's Resp. in Opp'n to Def.'s Mot. for Compassionate Release* (ECF No. 90) (*Gov't's Resp.*). On June 30, 2020, the Government filed a supplemental memorandum. *Suppl. Mem. in Supp. of Gov't's Resp. in Opp'n to Def.'s Mot. for Compassionate Release* (ECF No. 91).

## II.   DISCUSSION

18 U.S.C. § 3582(c)(1)(A)(i) states:

> The Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . ..

While some statutory preconditions to relief are jurisdictional (and thus, if not met, bar consideration of the requested relief on its merits), others constitute claim-processing rules which—while mandatory "in the sense that a court must enforce the rule if a party 'properly raise[s]' it"—may be waived or forfeited by the adverse party. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (alteration in original) (quoting *Eberhart v. United States*, 546 U.S. 12, 19 (2005)). The Court has concluded that the exhaustion provision of section 3582(c)(1)(A) is mandatory. *See*

*United States v. Lugo*, No. 2:19-cr-00056-JAW, 2020 WL 1821010, at *3 (D. Me. Apr. 10, 2020). It has further concluded that the exhaustion provision is a nonjurisdictional claim-processing requirement that may be waived by the Government. *See United States v. Whalen*, No. 1:11-cr-00033-JAW, 2020 WL 3802714, at *7 (D. Me. July 7, 2020).

The Government timely raised exhaustion, *Gov't's Resp.* at 9 (stating that "[t]his Court lacks authority to act on [Mr. Pettengill's] motion for a sentence reduction at this time" because he "has provided insufficient evidence upon which the Court could properly determine that he exhausted his administrative remedies"), and so, if Mr. Pettengill had not exhausted at the time he filed his motion, the Court must dismiss his motion.

Mr. Pettengill alleges that, because at the time he sent his letter he was incarcerated at the Strafford County Jail in New Hampshire, he sent his letter directly to the BOP. *Def.'s Mot.* at 2. In *United States v. Curtis*, No. 1:14-cr-00140-JAW, 2020 WL 3104043, at *2 n.2 (D. Me. June 11, 2020), the Court found that another defendant incarcerated at the Strafford County Jail had properly exhausted his remedies by writing to the superintendent of Strafford County Department of Corrections (Strafford DOC) and receiving notice back that the Strafford DOC did not have authority to grant compassionate release. The situation here is somewhat different. Since sending the letter to BOP but before filing his motion with the Court, Mr. Pettengill was moved to FCI Fairton. *Gov't's Resp.* at 3. Mr. Pettengill did not put any information on the record indicating whether he received a response

from the BOP.

In *Curtis*, the Court concluded that the defendant had properly exhausted administrative remedies because the Strafford DOC's response was, effectively, a dead end. Here, based on the record before the Court, Mr. Pettengill filed his motion with the Court before fully exhausting his administrative remedies or the lapse of thirty days from when BOP received his letter. In similar circumstances, the Court has concluded that a defendant should file his or her motion after complying with the exhaustion requirement of section 3582(c)(1)(A). *See United States v. Cain*, No. 1:16-cr-00103-JAW, 2020 WL 3064427, at *2 (D. Me. June 9, 2020) (stating that the exhaustion provision must be satisfied "before the defendant brings his or her motion" (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 836 (6th Cir. 2020)); *see also Order, United States v. Chhay*, No. 2:19-cr-00036-JAW (D. Me. June 22, 2020), ECF No. 101 (same). Because Mr. Pettengill filed his motion before exhausting and because the Government has timely pressed exhaustion, the Court must dismiss Mr. Pettengill's motion.

### III.   CONCLUSION

The Court DISMISSES without prejudice Brandon Pettengill's Motion for Compassionate Release (ECF No. 76).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July, 2020